## Union Bank of Louisiana v. J. L. Lobdell.

The obligation of a borrower from the Union Bank of Louisiana, to pay ten per cent. interest on loans made on stock, after maturity, was recognized in *Bermudez* v. *Union Bank*, 7 An. 62. That decision is correct.

The following mode of calculation of interest is in conformity to Art. 2160 C. C.: The principal and interest due at the time of payment, were calculated; and when the amount paid was less than the interest accrued at the time, no deduction was made from the gross amount of principal and interest, until by another payment, the amount received was made equal at least to the accrued interest. The principal and interest, up to that time, were then added together, and from the total, was deducted the aggreate of the several payments made since the last deduction of the interest.

Defendant cannot set up a claim in reconvention, which he has already made the subject of a direct action.

APPEAL from the District Court of the Parish of West Baton Rouge, *Robertson*, J. *Avery & Lacey*, for plaintiff. *Lobdell*, for defendant and appellant.

BUCHANAN, J. This is a suit for a balance due upon four loans; two made upon stock under the provisions of the charter of the bank, and the other two, additional loans upon stock, under a resolution of the board of directors.

The defendant contends, that upon the unpaid installments of these loans, he is not liable to the payment of ten per cent. interest. This question has been fully discussed in the case of the *Union Bank* v. *Bermudez*, reported in 7 An., 62, and settled adversely to the views entertained by defendant. We see no reason for disturbing the doctrine established in that case.

The defendant also urges, that there is a compounding of interest in the calculation of the cashier, annexed to the petition, which is the basis of the plaintiff's demand.

An inspection of that calculation has not shown to us the compounding of interest alleged. The mode of ascertaining the amount due, followed by the accountant, appears to have been : to calculate the principal and interest due at the time of a payment, and when the amount paid was less than the interest accrued at the time, then to make no deduction from the gross amount of principal and interest, until, by another payment, the amount received by the bank is made equal, at least, to the accrued interest; the principal and interest, up to that time, were then added together, and from the total, was deducted the aggregate of the several payments made since the last reduction of the principal. We think this operation was a strict compliance with the provision of the law, which requires that partial payments upon a debt carrying interest, are first to be imputed to the interest. C. C. 2160. *Hynson* v. *Maddox*, 1 N. S. 571.

The defendant has also set up a claim in reconvention against plaintiff, under the following circumstances:

In May, 1851, the plaintiff sued out executory process against one *Francis M. Hereford*, under which were seized, among other slaves, two, named *John Curry* and *Tom Hall*, who belonged to the defendant. The defendant did not claim those slaves by third opposition; but brought a separate action against the Sheriff for damages for their seizure and sale. The Sheriff called the plaintiff in warranty; and this suit was finally decided by the decree of the

Supreme Court, (reported in 8 An., 120,) awarding to *John L. Lobdell* $400 damages, to be paid him by the Sheriff, with judgment in favor of the Sheriff over against the Union Bank for a like sum ; and reserving to *Lobdell* his right " to recover the slaves *Tom Hall* and *John Curry*." Now the defendant pleads that he is entitled, under the said judgment of the Supreme Court, to claim of plaintiff hire for each of said two slaves, at the rate of one dollar per day from the 25th of May, 1851, the time of their seizure, until they are returned and delivered up to him, and he claims fourteen hundred dollars of the said hire, accrued up to the time of the institution of this suit, by reconvention.

UNION BANK
*v.*
LOBDELL.

To the reconventional demand of defendant, the plaintiff pleaded the exception of *litis pendence*, which was sustained by the court below on proof of the institution of a suit in the Fourth District Court of New Orleans, by the defendant, against the *Union Bank, John L. Lewis, Charles Lamarque*, and *Alphonse Robin*, for the recovery of the slaves, *Tom Hall* and *John Curry*, and their lien ; 'which suit was pending and undecided at the time of the institution of the demand in reconvention herein. We ;think the exception was properly maintained.

Judgment affirmed, with costs. ·