## John Bird *v.* J. L. Lobdell.

Rule for computing interest where there have been partial payments. Calculate the interest on the principal from the maturity of the debt, till the day of a partial payment, and add the interest to the principal; deduct the partial payment from the amount, the balance continues to bear interest until the next partial payment, and so on *unless the payment made is not sufficient to extinguish the interest then due.* But where the payment is not sufficient to extinguish the interest then due, if a new balance is struck by deducting such payment from the aggregate of the principal and interest, and the balance taken as a new principal, the interest will be compounded. So, if the payment be less than the interest due, the surplus of interest must not be taken to augment the principal.

APPEAL from the District Court of the Parish of West Baton Rouge, *Robertson*, J. *Brunot*, for plaintiff.

*Lobdell*, for defendant and appellant.

SPOFFORD, J. There was error to the prejudice of the appellant in capitalizing the interest on the 19th May, 1851; the payment of $358 09 then made, did not equal the interest which had accrued.

The rule for computing interest where there have been partial payments, is well settled. Interest should be calculated from maturity of the debt, till the day of a partial payment and added to the principal, and then the partial payment be deducted from the amount, the balance to continue to bear interest until the next partial payment, and so on, unless the payment made is not sufficient to extinguish the interest then due. *Martenstein* v. *His Creditors*, 8 Rob. 9. *Estebene* v. *Estebene*, 5 An. 738.

But, when the payment is not sufficient to extinguish the interest then due, if a new balance is struck by the deducting such payment from the aggregate of the principal and interest, and this balance taken as a new principal, to bear interest thence forward, it is obvious that the interest will be compounded.

So, if the payment be less than the interest due, the surplus of interest must not be taken to augment the principal. *Connecticut* v. *Jackson*, 1 Johnson's Ch. R. 17. *Story* v. *Livingston*, 13 Peters, 349.

There is also a mistake of twenty dollars against the defendant in casting interest upon the note for $5,500.

This must be deducted from the amount of the judgment, and the interest must also be reduced in conformity with the rule already stated.

There is no evidence in the record to sustain the other grounds of complaint set forth in the appellant's brief.

It is therefore ordered, that the judgment of the District Court, as against the defendant, *Lobdell*, be reversed; and, proceeding to render such judgment as should have been rendered in the court below, it is ordered, adjudged and decreed, that the plaintiff, *John Bird*, recover of the defendant, *John L. Lobdell*, the sum of seven thousand four hundred and thirty-seven dollars and nine cents ($7,437 09), with interest at the rate of eight per centum per annum upon the sum of five thousand and five hundred dollars from the 19th of May, 1851, until paid, and ten dollars costs of protest and copies, and all costs in the District Court; and that the plaintiff's special mortgage, a copy whereof is annexed to his petition, be recognized and enforced, and the property therein described, seized and sold according to law, to satisfy this judgment. It is further ordered, that the plaintiff pay the costs of this appeal.