Plaintiff, as carrier of collision insurance on defendant's automobile, filed this suit for reimbursement of $1,059.87, paid to defendant on a claim submitted by him after his automobile had been damaged in an accident with a truck of the Loraine Transfer Company. The basis of the recovery action is that defendant, prior to collecting from plaintiff, his insurer, had received more than $12,000 for personal injuries and damage to his automobile, for which he had executed a full release to those responsible for the collision; and that he had thereby made impossible the execution to plaintiff (his own insurer) of a valid subrogation of his rights against the tort-feasors, which was a condition precedent to his collection of collision benefits under the policy.
From a judgment of the district court in favor of the plaintiff, the defendant appealed.
In the agreed statement of facts, it is admitted that the defendant received the settlement, as alleged by the plaintiff, and that, at the time he received the collision insurance money from plaintiff, he executed a subrogation in which he concealed the fact that he had previously settled his claim; and that he "carried through" the deceit by stating in that receipt and subrogation that no such settlement had been made and by agreeing to assist the plaintiff in the prosecution of its claim against those responsible for the accident.
[1] The policy, which is in the record, provides that the insurer shall, in the event of loss, be subrogated to all the insured's rights of recovery against persons responsible for such loss and that the insured shall do nothing after loss to prejudice such rights. By signing the release, the defendant made himself powerless to execute a valid subrogation in favor of his insurer as required of him under the terms of the policy as a condition precedent to his right to recovery thereunder. This action of defendant in releasing those responsible for the damage to the automobile ended his *Page 618 
rights to recover for the same loss under his policy with the plaintiff company. American jurisprudence, Volume 29, page 1005, Section 1344.
[2] Under the above circumstances, it is obvious that the payment to defendant by plaintiff was made as a direct result of misrepresentation and false statements, and the district court correctly gave judgment for its return.
[3] After argument in this court, plaintiff filed an answer to the appeal, praying that damages for frivolous appeal be awarded. In order to have an answer to an appeal considered, it must be filed before argument. Article 890, Code of Practice; Ford v. Leonard Truck Lines, Inc., et al., La. App.,26 So.2d 309.
Judgment affirmed with costs.