64 So.2d 240

In re INTERSTATE TRUST & BANK-ING CO. (three cases).

Nos. 39142, 40061, 40785.

March 23, 1953.

H. C. Keith, Jr., New Orleans, for Wilfred J. Begnaud, and others, proponents and appellants.

Robt. R. Ramos, Leon A. Pradel, A. A. de la Houssaye, John E. Hurley, Harry B. Kelleher, Lemle & Kelleher, Azzo J. Plough, Moreau J. Jumonville, Carroll & Plough, New Orleans, for opponents and appellees.

PONDER, Justice.

In these consolidated suits a number of depositors of the Interstate Trust and Banking Company in Liquidation are opposing the homologation of four tableaus of distribution proposed by the State Bank Commissioner. The oppositions are based on the ground that the opponents are entitled to legal interest on the entire amount of their deposits frozen on January 4, 1934 when the bank was placed in liquidation and that all

of the provisional accounts or tableaus of distribution filed by the State Bank Commissioner from that time up to the present time are in fact no accounts. After a hearing, the lower court gave judgment homologating the tableaus of distribution, reserving the rights of the opponents to be heard at a future date on their claim for interest, which was later taken up and submitted. Thereupon the trial judge gave judgment ordering the Bank Commissioner to pay all creditors and depositors interest at the rate of 5% per annum from January 4, 1934 on the full amount frozen on that date. The Bank Commissioner has appealed.

Dividends No. 1 through 12, inclusive, were paid to the depositors after tableaus of distribution were homologated without opposition between the dates of June 18, 1934 and May 1, 1946 constituting 82½% of the original amounts frozen when the bank went into liquidation. The oppositions herein were interposed to tableaus of distribution presented to the lower court on October 1, 1947, April 12, 1948, April 14, 1950 and December 6, 1951, designated as liquidating dividends Nos. 13, 14, 15 and 16 representing 17½% of the original deposits frozen on January 4, 1934 when the bank closed.

The appellant contends that the lower court erred in awarding interest to the depositors and creditors from the inception of the liquidation after they had received and accepted liquidating dividends without claiming interest thereon. He also contends that the lower court erred in awarding interest to creditors and depositors who failed to oppose the distribution. He further contends that the lower court erred in failing to hold that the depositors and creditors were estopped from claiming interest on the amounts previously paid and so are the other depositors and creditors who failed to file oppositions.

We have heretofore considered the issues raised in these contentions and arrived at the conclusion that the depositors and creditors of banks in liquidation are not entitled to interest on payments made on the principal which they have accepted without reservation as to the interest due thereon, and that they are only entitled to interest on the amount of the principal due when they opposed the distribution and claimed interest on same. It appears that some of the small depositors have heretofore been paid in full without opposition. As to these, they would not be entitled to interest on their deposits. Those who are due 17½% of the original amount of their deposits at the time the tableaus involved herein were presented are entitled to recover interest on this amount because they opposed the distribution on the ground that they were entitled to interest. Article 2925, LSA–Civil Code; Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841; Bank of Baton Rouge v. Hart Estate, Inc., 216 La. 603, 44 So.2d 311.

The appellees take the position that they are not bound by the judgments homologating the previous tableaus of distribution and that thereby they are entitled to interest on the full amount of the frozen deposits. This position is predicated on the ground that the tableaus of distribution were not such as could be the basis of a judgment. If we were to agree with the appellees in their contention, it would afford them no comfort for the reason that they have accepted payments on the principal under those judgments without objection and without any reservation as to the interest due thereon, thereby releasing any interest that might be due on said amounts. Article 2925, LSA–C.C.; Liquidation of Canal Bank & Trust Co., supra; Bank of Baton Rouge v. Hart Estate, Inc., supra.

For the reasons assigned, the judgment of the lower court in so far as it orders the State Bank Commissioner to pay interest on that portion of the principal amount paid to the depositors and creditors of the Interstate Trust & Banking Company, in Liquidation in pursuance of judgments of the court of June 18, 1934, December 16, 1936, July 6, 1937, December 10, 1937, July 6, 1938, August 10, 1939, October 1, 1940, December 22, 1941, October 18, 1943, October 10, 1944, August 1, 1945, and May 1, 1946, homologating the tableaus filed by the State Bank Commissioner in this liquidation proceeding, is annulled and set aside. In all other respects the judgment is affirmed.