BOLIN, Judge.
Gus M. Irving brought this suit against E. Sondheimer Company and Tensas Cooperage Company for interest on past due salary owing to him while employed by the defendants for the years 1948, 1949 and 1950. In his suit he admitted that the salary itself had been paid by means of various installments over a period of time while he continued his employment with the defendants. Therefore, his claim is one only for interest on his back salary from the due date until it was paid.
*403 The record shows that the plaintiff was employed by the defendants, but that on April 21, 1948, he wrote a letter to Mr. Bertrand W. Cohn, president of the defendant corporations, that he desired to terminate this employment. After receiving this letter, Mr. Cohn wrote the plaintiff stating that he did not intend to accept the plaintiff’s decision to sever his employment, and urged him to reconsider his decision to resign. Following these letters, the employee and employer apparently had several conferences which finally culminated in a mutual agreement for the plaintiff to continue his employment. In order to reduce the verbal employment agreement to writing, Mr. Cohn wrote plaintiff a letter on May 1, 1948, wherein he outlined the conditions with particular reference to the salary to be received by the plaintiff. The conditions of employment insofar as they are pertinent to this case provided that the plaintiff was to receive a guaranteed minimum salary of $10,000 per year. By a similar letter written by Mr. Cohn to the plaintiff on November 9, 1949, the prior agreement was acknowledged to be still in effect and on May 8, 1950, it was again agreed by a letter that the plaintiff was to be paid a minimum salary of $10,000 per year.
Between the dates of May 1, 1948, and December 1, 1950, the plaintiff was paid the total sum of $19,375 as wages, when he should have been paid the sum of $26,664.-64 Dollars in order to be paid the minimum amount of $10,000. per year, according to his agreement with his employer as previously set forth herein. This left a balance due on his salary of $7,291.64, which was paid to him by various installments, beginning in 1950 and being finally paid in full on September 21, 1957.
During all of the time that the above back salary payments were made to the plaintiff he remained in the employ of the defendants and was paid his full salary in addition to the money received by him on the past due salary account.
The facts set forth above are not in dispute. The plaintiff, however, alleges that at various times he requested and demanded of the defendants that they not only pay him his full salary, but that they also pay him interest on same. Plaintiff, claiming that he was due interest at the rate of five per cent per annum on the unpaid monthly salary from the date salary was due until it was paid, calculated such sum to be $3,-151.31. Having made demand on the defendants for the payment of such amount, a suit was instituted in the district court for same. The defendants filed an answer wherein they admitted the correctness of the contract of employment, salary, and the payment of the past due amounts as alleged in the petition, but denied that the plaintiff was entitled to any interest. During the trial in the lower court, it was stipulated by the defendants that they had not paid any interest to the plaintiff. After a trial on the merits, the trial judge concluded that the plaintiff was entitled to some interest, but being unable to determine the exact amount, he rendered judgment in favor of plaintiff for $1,500. From this judgment, the defendants have perfected a suspensive appeal to this court, and the plaintiff has answered the appeal and asked that the judgment below be increased to the total amount prayed for in the original suit.
There are several important issues presented to us for decision. In order to lend continuity to this opinion, we deem it advisable to state each of these issues separately, and to fully develop each before passing to the next. The first such question to be decided is whether or not this plaintiff is entitled to collect interest on past due wages. In this connection, we feel that the following articles of the LSA-Civil Code are pertinent:
Art. 1935. “The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more.”
*404 Art. 1936. “Interest is of two kinds, conventional and legal; the rate of both is fixed by law in the chapter on loans on interest.”
Art. 1938. “All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated.”
The Louisiana Code of Practice also provides that the legal rate of interest is five per cent.
C.P.Art. 554:
“Legal interest rate on debts. — Interest at the rate of five per cent shall be allowed on all debts from the time they become due, unless otherwise stipulated.”
While there has been some uncertainty in our jurisprudence as to whether or not interest is due on certain types of obligations, such as unliquidated open accounts, etc.; it seems to be now well settled that a person is entitled to interest for such things as professional fees, salary, etc. Based upon the above articles of the Civil Code and the Code of Practice, the courts have allowed interest at the rate of five per cent on wages from the time same became due. Hotard v. Fleitas, Inc., La.App.Orleans, 1953, 67 So.2d 345.
Having decided that under proper circumstances a litigant is entitled to interest for past due wages, we now pass to the next question to be discussed herein and that is: Can a separate and distinct suit be brought for interest alone? In this connection counsel for the appellants contends that our courts have uniformly held that such a separate suit for payment of interest can not be maintained. As authority for this position we have been cited to the following cases: Faurie v. Pitot, et al., 2 Mart., O.S. 83; Grennon v. New Orleans Public Service, Inc., Orleans 1931, 17 La.App. 700, 136 So. 309; Merrigan v. Metropolitan Life Insurance Company, D.C., 43 F.Supp. 209.
It is the contention of the defendants that the cases cited above are authority for the principle of law that interest, when arising ex mora, is in the nature of damages for non-payment of money due by the contract and, therefore, cannot be sued for separately from the principal since it is an accessory to the debt. It is additionally contended that the cases hold that the release of the principal in such cases precludes a separate suit for the interest alone.
We are of the opinion that the cases cited by the defendants are not authority for the proposition that a separate suit may not be maintained for interest. As a matter of fact, the Grennon case specifically points out that the distinctions regarding interest in common law do not exist in Louisiana, because LSA-Civil Code, Article 2925 is applicable to all types of interest. The later case of Liquidation of Canal Bank & Trust Company, 1947, 211 La. 803, 30 So.2d 841, at page 851, had this to say about the Grennon case:
“In a very able opinion written by the Hon. Charles E. Dunbar, acting as judge ad hoc for the Court of Appeal for the Parish of Orleans, in the Gren-non Case, where the effect and scope of Article 2925 is very thoroughly discussed and treated, it is observed:
“ ' * * * the common-law courts universally recognize the right to recover interest after the payment of the principal debt, where the interest was expressly provided for by the terms of the contract, because under such circumstances the interest becomes an integral part of the debt * * * it seems to be equally well recognized at common law that if interest is not expressly stipulated for in a contract, but on the contrary is allowed merely by way of damages for the wrongful detention of money, or for neglect to pay promptly, it is a mere incident of the debt, which fails when the debt itself is extinguished, and in such a case, if the debt is paid, there can be no recovery afterward for the interest which might have been collected. * * * some com *405 mon-law courts regard, this as an equivalent of contractual interest, and therefore allow a recovery, even though the principal sum has been paid; while other courts regard it in the nature of damages and refuse recovery after the payment of the principal sum.’
“Then pointing out that it was unnecessary to decide whether the interest given by Act 206 of 1916 should be treated in the same way as contractual interest is treated in the common law or whether it should be analogized to interest in the day of damages because 'Article 2925 of the Louisiana Revised Civil Code seems to establish in Louisiana a general and comprehensive rule ■with reference to the waiver of interest, ■and the language of this article, which is unqualified, indicates that the distinction established by the common law ■cases * * * is not recognized or applied in Louisiana,’ the court concluded this article establishes a legal or conclusive presumption of law which under the provisions of Article 2287 of the Revised Civil Code dispenses with all other proof in favor of the person for whom it exists.” (Emphasis ours.)
It, therefore, seems clear that the distinctions existing in common law as to the types of interest do not exist in Louisiana, and that a separate suit may be maintained for all types. The cases cited by the defendants do generally hold that once a judgment has been obtained for the principal alone, a separate suit may not be maintained for the interest because interest is an incidental demand under such suit. LSA-Civil Code, Article 2925 clearly authorizes ■a separate suit for all types of interest.
Having decided that a separate suit may ■be maintained for interest provided it meets the requirements of LSA-Civil Code, Article 2925, we now pass to the third important ■question to be covered by this opinion, and, that is: What is the proper interpretation ■to be given to LSA-Civil Code, Article 2925?
In order to properly discuss the various aspects of this case, as it relates to the above Civil Code Article, we feel that the article should be quoted in its entirety:
LSA-C.C. Art. 2925: “The release of the principal, without any reserve as to interest, raises the presumption that it also has been paid, and operates a release of it.”
The defendants contend that the question of reservation under the above codal article, even in the form of a written request for interest, is completely inapplicable to damages in the form of interest contemplated for the late payment of money. In other words, it is their contention that this article relates to the contractual obligations for the payment of interest under a loan, and that the “reservation” mentioned therein is not applicable where such interest is allowed merely in the form of damages as contemplated by LSA-Civil Code, Article 1935. In support of this contention, we are cited to the case of Quarles v. Lewis, La.App. 1 Cir. 1957, 98 So.2d 301, at page 303, wherein the court held:
“But even though the claim for legal interest upon the money demanded may under the present exceptional circumstances be a separate and distinct claim than that for the principal, nevertheless Code of Practice, Article 157 provides that a creditor who fails to include interest in his demand in a suit is ‘considered as having remitted it’ and ‘cannot, after judgment, demand such interest by another action.’ Cf., Article 553, C.P. In our opinion, this article applies to and bars plaintiff’s present demand for legal interest upon the unpaid purchase price even though the initial suit was for an order to defendant to pay same rather than for a monied judgment therefor.”
We are not impressed with the defendants’ contentions that LSA-Civil Code, Article 2925 applies only to legal interest. The verbiage from the Quarles case per *406 tains to a separate suit being brought for interest after a judgment had been obtained for the principal. The case correctly held that interest was an incidental demand under the original suit. This contention was also answered and fully discussed in the Canal Bank and the Grennon v. New Orleans Public Service cases, supra. In the latter case, Judge Dunbar, as organ of the court, gave a very scholarly and exhaustive analysis of this entire question. The common law origin of the distinction in the two types of interest was thoroughly discussed and the court held that such distinctions did not exist in this state in view of the expressed provisions of the Article 2925 of, the LSA-Civil Code. It is, therefore, ouq opinion that LSA-Civil Code, Article 2925 applies to any interest that might be due for delinquent wages.
We must next consider the important factual question of whether or not the plaintiff in the instant case made a proper reservation of his rights to same when- he, granted a release as to the principal. This being almost entirely a factual matter, we quote below the findings of the trial judge as reflected by his written reasons for judgment :
“This Court in going over the evidence concludes that Mr. Irving did make a specific demand for interest, not once but several times, and even refused final payment until he was assured that it would in no way jeopardize his claim to accept same.
“The records show that part of Irving’s salary was due over a period of ten years. He had to borrow money for living expenses; he made repeated requests for payment. The equities would be predominantly in his favor. However, this Court is of the opinion that Plaintiff is not entitled to all the interest claimed because for quite a long time during his employment when he was receiving a substantial salary from Defendants this idea of claiming interest apparently never occurred to him. It was only after severance of employment that he began to claim full payment of interest.”
We are in accord with the findings of the trial judge insofar as they relate to the factual issues herein, and we likewise are impressed with the equitable arguments advanced by the plaintiff to the effect that he had been denied his just wages over a period of years. We agree with the judge of the lower court that the plaintiff had demanded interest on his back wages and had certainly made proper reservation on at least a portion of same. However, for the reasons to be shown later herein, it is not necessary for this court to go into the question of whether or not the plaintiff had made a proper “reservation” which would entitle him to full recovery under LSA-Civil Code, Article 2925.
We now pass to the issue which, in our opinion, is the determining one in the case. The appellee contends that under Article 2925 the release of the principal, without any reservation as to interest, raises only the presumption that it has been paid, but that this presumption may be overcome under certain circumstances. In other words, it is contended that the article in question does not provide for the absolute waiver of the interest, but only raises a presumption that it has been paid; the contention being that there are only two questions presented in the codal article and they are: Whether the interest has been paid or whether it is presumed to have been paid.
In order to fully understand what is meant by the verbiage in LSA-Civil Code Article 2925 relating to “the presumption that it has also been paid”, we must examine the following articles of the Louisiana Civil Code:
Art. 2287. “Legal presumption dispenses with all other proof, in favor of him for whom it exists.
“No proof is admitted against the presumption of the law, when, on the strength of that presumption, it annuls *407 certain acts, or refuses a judicial action, unless it has reserved the contrary proof, and saving what will he said on the judicial confession(Emphasis ours.)
Art. 2291. “The judicial confession is the declaration zvhich the party, or his special attorney in fact, makes in a judicial proceeding.
“It amounts to full proof against him who has made it.
“It can not be divided against him.
“It can not be revoked, unless it be proved to have been made through error in fact.
“It can not be revoked on a pretense of an error in law.” (Emphasis ours.)
The official transcript of the testimony of the lower court reflects that counsel for the defendants stipulated that no interest had been paid to the plaintiff. The president of the defendant companies also admitted under cross-examination during the trial in the lower court that no interest had been paid to the plaintiff. Counsel for the plaintiff, therefore, contends that the defendants have judicially confessed that the interest has not been paid; that under the authority of LSA-Civil Code, Articles 2287 and 2291 such judicial confession overcame the presumption that the interest had been paid.
We are impressed by the contentions made by the plaintiff to the effect that the judicial confession negated the presumption provided in LSA-Civil Code, Article 292S. The case of Breeland v. Kenner et ux., La.App.Orleans 1937, 174 So. 678, at page 680, is particularly appropriate to the instant case on this question. In the cited case the facts briefly stated show that the plaintiff sued the defendants and received a judgment together with legal interest. The suit was for repairs made on the defendant’s house. A mortgage company, that was lending the defendants money, held out enough to satisfy Breeland’s claim, in the event that he was successful in the law suit. After the judgment, the mortgage company paid Breeland the amount of the judgment but did not pay him the interest or costs. Breeland gave a receipt to the mortgage company for a full and final settlement and thereby waived any claim against the defendants. Breeland died and his wife brought an action for the interest and costs. The defendants urged LSA-Civil Code, Article 2925, but the court granted the plaintiff a judgment for the interest, and in the opinion stated:
"Here, Mr. Kenner, appearing in pro-prio [iic] persona, and as attorney in fact for his wife, admitted judicially, on the trial of this rule, that the interest on the judgment has not been paid. This confession, in our opinion, places the case within the saving clause of Article 2287, which provides that no proof is admitted against a legal presumption excepting those matters which are judicially admitted. For this reason, we hold that the legal presumption created by Article 2925 has been rebutted and that the trial judge was correct in finding for Plaintiff with respect to the interest due on the judgment.” (Emphasis ours.)
The defendants maintain in their brief to this court that Breeland v. Kenner is not controlling in the instant case, because one is dealing with judicial interest and the other with legal interest. This is the same argument set forth in Bank of Baton Rouge v. Hart Estate, Inc., 1950, 216 La. 603, 44 So.2d 311 at page 313, wherein it was maintained that Article 2925 applied only to legal interest and not interest fixed by contract. It would seem that the court’s answer was sufficiently clear to preclude all such arguments in the future when it said:
“Whilst it is true that there is that difference in the kind of interest that is claimed in the two cases the fact remains that there is no difference with respect to the issue that is here presented and it is immaterial in view of the *408 holding in the Canal Bank Case. * * *
“Counsel argue further that the reservation provided for in Article 2925 of the Civil Code is intended to apply only to legal interest, or interest ex mora, and does not apply to interest which a party has bound himself to pay by contract. But this contention also is answered in the Canal Bank Case wherein the case of Grennon v. New Orleans Public Service, Inc., 17 La.App. 700, 136 So. 309, is cited and referred to with approval, and in which it is persuasively shown that the distinction sought to be made, even though existing in the common law jurisdictions, does not exist in this State in view of the express provisions of Article 2925 of the Civil Code.”
It is also interesting to note that in Grennon v. New Orleans Public Service, Inc., supra, the court construed Article 2287 with Article 2291 defining a judicial confession and held that the legal presumption created by Article 2925 could not be overcome or defeated in case of an error of law, but only by such a judicial confession.
It is our opinion that Breeland v. Kenner, supra, is controlling in the instant case. The judicial admission made by Mr. Cohn, president of both defendant companies, is at least as strong as the one made in the Breeland case. However, it is not even necessary for the decision in the instant case to be predicated on such admission by Mr. Cohn because here it was stipulated by counsel for the defendants that no interest had been paid the plaintiff and such an admission is of the strongest type. Perkins v. Douglas, 11 La.Ann. 471.
In the Breeland case, the principal was accepted and receipt in full and final settlement was given. Yet Breeland’s heir later sued for the interest and was allowed to recover when Kenner judicially admitted that no interest had been paid. In the instant case the only possible way the plaintiff could be denied recovery is to hold that Article 2925 does not apply to legal interest and that the reasoning in Breeland v. Kenner applies only to judicial interest. This would be tantamount to overruling the Grennon, the Canal Bank and the Bank of Baton Rouge cases.
While it is not necessary for our courts in deciding cases to justify its decisions, in light of what might ultimately follow in similar cases, we do feel constrained to answer some apparent unjustifiable apprehensions listed by counsel for the defendants in his brief. It is contended that the decision reached in this case will entitle any employee in the future to demand interest in every case where there has been a late payment of salary; and that even the acceptance by the employee of his back wages will not bar a suit for the recovery of interest where the employer admits that none has been paid. We submit that no such inference can be drawn from the decision of this case. As previously pointed out, LSA-Civil Code, Article 2925 raises a legal presumption that the interest has been paid, and the only way this presumption can be overcome is by a judicial confession. As pointed out in the case of Grennon v. New Orleans Public Services, Inc., supra [17 La.App. 700, 136 So. 314], this article “establishes a conclusive presumption of law, or, in other words a presumption of juris et de jure.”
Having concluded that the plaintiff is entitled to interest on all of his past due salary, we must next determine the exact amount to which he is entitled. As previously pointed out herein, the delinquent salary payments were made to the plaintiff over a period of approximately seven years, in varying amounts. We must, therefore, calculate the interest on these partial payments on the dates such payments were made. In applying payments, the interest due is first to be satisfied, and the balance of the payment is to be applied to diminish the principal. If the payment falls short of the payment due, the balance of the interest is not to be added to the principal, but is to be set apart and is to be extinguished *409 by the next payment, if sufficient. Estebene v. Estebene, 1850, 5 La.Ann. 738; Union Bank v. Lobdell, 1855, 10 La.Ann. 130; Bird v. Lobdell, 1855, 10 La.Ann. 159; Succession of Coco, 1880, 32 La.Ann. 325; Story v. Livingston, 1839, 13 Pet. 359, 38 U.S. 359, 10 L.Ed. 200.
The plaintiff set forth in article twenty-one of his petition the exact time that each portion of the salary became delinquent, and also the dates on which the various payments were made thereon. The defendant, in his answer, admitted these matters and, therefore, the proper award is purely a matter of computation. The plaintiff annexed to his petition a detailed and comprehensive calculation of the interest due which included every payment in detail, together with the exact amount of interest due on same, until it was paid. This exhibit shows a total amount due as of the time of the suit as being $3,151.31. We have examined this exhibit and find that it does not correctly compute the interest due herein. The computation is erroneous for two general reasons. First, between the dates of May 1, 1948, and May 1, 1950, the plaintiff was not guaranteed $10,000 per year on a monthly basis, but merely, that if his salary and commission did not total that amount the difference would be paid at the end of the year. The exhibit in question erroneously calculated the interest due on a monthly basis for these years rather than on the amount due at the end of the year in question. The calculation was also in error in that it provided for interest on interest which is strictly prohibited by LSA-C.C. Art. 1939.
For the aforesaid reasons, the judgment appealed from is hereby set aside and the case is remanded to the Honorable Sixth Judicial District Court of Louisiana, in and for the Parish of East Carroll with instructions that same be reopened for the limited purpose of receiving expert testimony or doing whatever else is necessary and proper m the premises in order to determine the exact amount of interest due in accordance with law and this opinion; that after said amount is so determined that the plaintiff be granted judgment for such amount; that all costs, including this appeal be paid by the defendant.
Remanded.