132 So.2d 115 (1961)
POLK CHEVROLET COMPANY, Inc.
v.
Frank M. SALARIO.
No. 5365.
Court of Appeal of Louisiana, First Circuit.
June 30, 1961.
*116 Gordon White of White & May, Baton Rouge, for appellant.
Joseph H. Kavanaugh, Charles Franklin of Seale, Hayes, Smith, Keogh & Franklin, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
HERGET, Judge.
Polk Chevrolet Company, Incorporated filed suit against Frank M. Salario on an open account in the sum of $766.45 and attached to the petition a statement of the account representing charges for repairing a 1955 Chevrolet station wagon.
On March 29, 1959 Salario was involved in an automobile collision which resulted in injuries to himself and family and damages to his automobile. He immediately notified Middlesex Mutual Fire Insurance Company, his collision carrier, of the collision. His automobile was removed to Polk Chevrolet Company and negotiations were had between the adjuster for Middlesex and himself to determine the extent of damage and a settlement of his claim against it. In the course of the negotiations, which never resulted in an agreement as to the extent of liability, Salario directed Polk Chevrolet Company to proceed with the repairs to his vehicle.
On May 2, 1960 Defendant, through counsel, answered Plaintiff's suit in the form of a general denial and on May 4, 1960 filed a third party petition against Middlesex Mutual Fire Insurance Company alleging in said petition the charges for the repairs sued for by Plaintiff resulted from an accident he had on March 29, 1959 which was covered under a policy of collision insurance issued to him by third party defendant Middlesex Mutual Fire Insurance Company. He further alleged that he instituted a civil suit against the party responsible for the damage done to his car on March 29, 1959 which action was subsequently compromised but that this claim for property damage to his vehicle insured by third party Defendant was not part of the compromise settlement.
The third party defendant, Middlesex Mutual Fire Insurance Company, answered and set forth that Mr. Salario informed third party Defendant that no demand was to be made on it for damages to his vehicle as his intention was to collect same from Standard Accident and Casualty Company, the insurer of the vehicle with which he had the collision on March 29, 1959. Further answering, third party Defendant admitted its insured, Salario, filed suit on the claim against Standard; denied that the compromise was for personal injuries only and averred that in fact the compromise included any and all property damage now claimed in this third party petition and that third party Plaintiff violated the conditions of its policy and particularly set forth in paragraph 14 the conditions of the policy, providing:
"11. Subrogation: In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."
In the suit filed by Salario in February of 1960 against Standard Accident Insurance Company, the liability insurer of the automobile with which he had collided on *117 March 29, 1959, as shown by a certified copy of the petition introduced in evidence on the trial of the present suit, among the damages itemized by him as having been suffered in said accident was a claim for "damage to automobile $554.75." Subsequent to the filing of that suit a settlement was made by Plaintiffs Salario and his wife and for and in behalf of his children in the total sum of $3,400 and, upon compromise, he executed a release which was offered on the trial of this case in which it is specifically provided that same covers all claims for personal injuries, property damage, medical expenses, et cetera, resulting from the automobile accident of March 29, 1959.
The evidence in this case reflects that counsel for Salario notified Middlesex of the filing of his suit in behalf of Salario against Standard Accident Insurance Company but that Middlesex did not intervene in said suit or take any part therein. It is the position of counsel for Salario that Middlesex thereby became estopped to set up as a defense to his third party petition the inability of the insured to comply with the subrogation agreement provided in the policy.
On the trial of the case it was stipulated by and between Plaintiff and Defendant that the amount sued for was due and owing, so that the question for resolution is the determination of the debtor or debtors.
The Trial Court, for oral reasons assigned, gave judgment in favor of plaintiff, Polk Chevrolet Company, Inc. and against defendant, Frank M. Salario; rejected Frank M. Salario's demands in his third party suit against third party defendant, Middlesex Mutual Fire Insurance Company, for the reason that Defendant, the third party Plaintiff, had executed a release to the tort-feasor of all damages sustained by him resulting from the automobile accident "on or about March 27, 1959." Though it did not say so, the Court evidently concluded that by the execution of the release to Standard Accident Insurance Company the third party Plaintiff violated the provisions of the collision policy thereby denying to third party defendant, Middlesex, his insurer, the right to a subrogation against the tort-feasor responsible for the causation of the damages to his vehicle.
It is from this judgment in favor of Plaintiff and against Defendant, and rejecting the demands of Defendant, third party Plaintiff, against third party Defendant, that Defendant appealed to this Court.
Salario takes the position on appeal that the settlement which was negotiated in his suit for injuries against Standard Accident Insurance Company did not include automobile damage but that he intended to reserve the right to pursue settlement of such damages against his collision insurer and that, having notified Middlesex of the institution of the suit against the tortfeasor, Middlesex is estopped to set up such defense to his third party demand because it did nothing to protect its rights in that suit of which it had notice.
On the trial of the case in the Lower Court, over objection of counsel for third party Defendant, Salario, third party Plaintiff, attempted to introduce evidence to the effect that the release did not cover the property damages suffered by him to the automobile insured by third party defendant, Middlesex. Apparently the trial court was in accord with the third party Defendant's objection; nevertheless, evidence was introduced by Defendant, third party Plaintiff, to the effect that he did not intend to incorporate in the release damages sustained by him resulting from the damage to the automobile. However, the attorney for the Standard Accident and Casualty Company, who was called as a witness, testified that the release covered all damages sought by third party Plaintiff, including damages to his automobile in the accident of March 29. We are of the opinion that, upon objection of counsel for third party Defendant, the Trial Court should have sustained such objection to any *118 evidence sought to be introduced contrary to the notarial act of release. In addition, third party Plaintiff attempted to offer evidence to the effect that in the claim of plaintiff, Polk Chevrolet Company, Inc. in the sum of $766.45 there was incorporated charges for repairs made to third party Plaintiff's vehicle resulting from another accident. Inasmuch as in the third party demand herein filed the allegation was made that the damages for which Plaintiff in the main demand sought recovery resulted from the accident which took place on March 29, 1959, the Trial Court properly sustained the objection by counsel for third party Defendant to any evidence of other claims on the ground that same would constitute an enlargement of the pleadings.
Though it was denied by third party Plaintiff, a witness testified he had been employed to adjust the collision loss between Middlesex and third party Plaintiff and on numerous occasions third party Plaintiff requested that the collision insurer withhold any settlement of his claim against it because of his intention to collect same against the insurer of the tort-feasor and in connection with his testimony letters were offered addressed to third party Defendant setting forth third party Plaintiff's position in this respect. Unusual as this request may appearthat is, that the insured would request his collision insurer to withhold settlement and permit him to press a third party tort-feasor for recovery of said items of damagesthere is no evidence in the record that third party Plaintiff sought in any way to collect from third party Defendant his claim for damages sustained to his automobile in the collision and the evidence does show that he asserted a suit against the tort-feasor in which he sought recovery for the damages to his automobile resulting from the collision of March 29, 1959, for which, upon compromise, he executed a release for all damages to his automobile caused by said collision thereby clearly violating the conditions of Article 11 of the contract of insurance with his collision insurer preventing his giving to said insurer in the event of payment of the loss sustained by him in said collision a subrogation against the tort-feasor. In our opinion third party Plaintiff, by his action, thereby released third party Defendant from his claim against it growing out of the collision of March 29, 1959.
In 38 A.L.R.2d page 1096, Section 2, paragraph 1, we find:
"General rule that release destroys policy rights.
"It is well settled that, in the absence of circumstances supporting a finding that the insurer had waived or was estopped to assert its rights, an insured under an automobile collision policy, who gives an effective release to the person responsible for the damages to the automobile, thereby destroying the insurer's right of subrogation against the tort-feasor, loses his right of action under the policy."
In support of this doctrine numerous cases from other jurisdictions are cited together with the case of Travelers Fire Insurance Company v. Ackel, La.App., 29 So.2d 617.
In an excellent article appearing in Louisiana Law Review, Vol. XIX, No. 3, page 726 entitled "Obligations-Insurer's Cause of ActionConventional and Legal Subrogation," Mr. Ben R. Miller, Jr., at page 732, observed:
"Once conventional or legal subrogation is found, the effect of a release given by the insured to the tortfeasor varies according to the factual situations: (1) when a release is given after damage but before payment, the insured cannot then recover against the insurer because the release has destroyed the insurer's potential right of subrogation, * * *." (citing Travelers Fire Ins. Co. v. Ackel, supra.)
Concededly under certain circumstances an automobile collision insurer could be estopped from asserting a defense whereby its action had led its insured into a position of reliance that it waived its *119 defense of the right of subrogation. The only basis for appellant's contention that such rights were waived in this case results from Middlesex Mutual Fire Insurance Company, third party Defendant's failure to intervene in the suit which he filed against the tort-feasor. In the factual situation presented by this case Middlesex had paid nothing to third party Plaintiff and, in consequence, could not have intervened in the suit which he instituted against the wrongdoer. Though there was no obligation on the party of third party Plaintiff to institute suit for the property damage against the tort-feasor, nor could Middlesex have refused to pay the claim to third party Plaintiff owed by it under its policy because of the refusal of third party Plaintiff to institute such suit, without prior payment by the third party Defendant to third party Plaintiff third party Defendant would have had no right to intervene in such suit. Moreover, in the event of the payment of a claim by an insurer to its insured prior to suit by the insured against a tortfeasor, under the law of Louisiana there is no obligation or duty placed upon the insurer to intervene in said suit as the insurer in such circumstances is subrogated to the rights of the insured and upon collection the sum in excess of the damages sustained by the insuredthat is, the amount paid by the collision insurer to the insured for damagesis recoverable by the insured as trustee for the insurer. Moncrieff et al. v. Lacobie et al., La.App., 89 So.2d 471.
For these reasons, the judgment of the Trial Court is affirmed.
Affirmed.