REID, Judge.
This is a suit brought by plaintiff, Cleo J. Moore, against Motors Insurance Corporation, his collision insurer, for $1193.18 plus 12% penalties and attorney’s fees of $800.00, plus legal interest from judicial demand for damages to his car as a result of a collision on February 12, 1960 when his car was struck in the rear by a truck owned and operated by Johnnie M. Johnson.
The defendant filed Exceptions of no right of action and no cause of action, which were referred to the merits. The defendant, with reservation of all exceptions, then filed an answer admitting the existence of the policy but denying the remainder of the allegations of the petition.
The Trial Court rendered judgment in favor of the plaintiff and against the defendant for the sum of $500.00, with legal interest from judicial demand until paid, and costs, from which judgment defendant appealed.
The undisputed facts are: Mr. Moore had a policy of collision insurance with the defendant, in effect on the date of the collision. Following the accident on February 12, 1960 he stored his car with Johnson-Cefalu Company, Incorporated, a Buick Agency in Amite. He did not request Motors Insurance Corporation to fix his car and did not file a proof of loss with them. The attorney filed suit against Johnnie M. Johnson, operator of the vehicle with which he collided, and his insurer for his injuries and damages to his car.
The adjuster for Motors Insurance Company became aware of the suit and notified the Company. An agent of the defendant insurer wrote Mr. Moore on April 3, 1961 as follows:
“Mr. Cleo J. Moore Box 276
Amite, Louisiana
“Regarding: Policy No. 2938197 Date of Loss: 2-13-60
“Dear Sir:
“It is our understanding that you are attempting to collect directly from the party responsible for the damage to your vehicle. May we urge you to make certain that any settlement you make fully satisfies the claim against the other party. A partial settlement might be construed as a release of liability and would preclude any further recovery through us. If you are unsuccessful in making a satisfactory settlement with the other party, we shall be pleased to make available to you the services you are entitled to as one of our policy holders. If you want us to handle your claim, we shall appreciate prompt notification and an opportunity to inspect your car before repairs are made.
“Very truly yours,
E. F. Shellous, Jr.
New Orleans Branch”
*406 In his action against Mr. Johnson plaintiff obtained a judgment for $4000.00 which was paid by the tort feasor or his insurer. Mr. Moore then paid Johnson-Cefalu Co. Inc., the amount of its claim and brought this suit against Motors Insurance Corporation on the grounds that notice and proof of loss had been filed with the defendant company more than 60 days prior to the filing of this suit; estimate and repair bills had been forwarded to the defendant, and defendant had failed and refused to pay the claim for more than 60 days, without just cause. The evidence discloses no proof of loss was ever filed with the defendant, and no demand was made on it for payment until after the plaintiff collected from the defendant in the other law suit. At the time this suit was filed on May 10, 1961 more than a year had elapsed since the accident. No payment was made by defendant insurer and no subrogation agreement was signed by the plaintiff in its favor.
The judgment rendered in the present case was for the fees of plaintiff’s attorney for prosecuting and collecting the judgment .in the prior suit, which included property damages as well as personal injury damages, resulting in plaintiff's insurer being relieved of the burden of paying the property damages resulting from the accident, less the deductible thus raising the question whether plaintiff can recover the fees of his attorney from his collision insurer.
The basic law of our state has been for many years that an attorney at law cannot demand payment for his services unless he was employed. See Forman v. Sewerage and Water Board of New Orleans, 119 La. 49, 43 So. 908. There are numerous citations in this case and the law has been well recognized and followed up until 1958 when the Supreme Court with a divided Court held that under the so called “fund doctrine” where the services of counsel have preserved common rights or common property,, in interest of all parties concerned, this would be an exception to the general rule and the attorney would have the right to collect under the “fund doctrine” from the-mass. See In re Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276. The facts of the Interstate Banking case are-different from the facts of the instant case. The attorney seeking fees in the Banking case represented some of the Banks’ depositors and creditors in opposing four tab-leauxs of distribution in the liquidation matters because of failure to provide for the payment of interest on unpaid balances that had been frozen since 1934. They prayed for judgment for legal interest out of the-assets of liquidation and priority. The effect of the final rule was to order payment of legal interest to all depositors and creditors including those who failed to oppose the-distribution. The total amount of interest was $728,281.01. The Court allowed attorney’s fees on the entire amount of interest on the ground that through the sole effort and industry of the attorneys in a previous suit In re Interstate Trust & Banking Company, 222 La. 979, 64 So.2d 240, a fund amounting to more than $700,000.00 was created and brought into existence and except for their services none of the depositors would have received any interest on any of their frozen deposits. Consequently all depositors as a class benefitted and were enriched by these attorneys’ efforts. The-attorneys’ fees sought were to be paid out of the very fund which their efforts created.
In the instant case the defendant company offered its services in effecting a settlement against the wrong doer. This offer was refused as the plaintiff elected to-bring a personal action for collection for his-property and personal damages. The defendant could not have instituted suit, or even intervened therein without a subrogation agreement, and thus plaintiff’s action deprived them of their subrogation rights against the third party. Travelers Fire Ins. Co. v. Ackel, La.App., 29 So.2d 617. The case of Polk Chevrolet Company v. Salario, 132 So.2d 115, decided by this Court is in-point. In this case the defendant Salario was involved in an automobile accident and' immediately notified Middlesex Mutual Fire- *407 Insurance Company, his collision carrier. His automobile was removed to Polk Chevrolet Company and negotiations were had between the adjuster for the company and himself to determine the extent of the •damages and the settlement of his claim. Nothing resulted from their conferences ■and the defendant directed the Polk Chevrolet Company to make the repairs on his vehicle. Polk Chevrolet Company sued .'Salario on an open account to recover the •costs of repairs. The defendant Salario answered plaintiff’s suit and filed a third party petition against Middlesex Mutual Fire Insurance Company under their policy ■of collision insurance for the repairs sued for by plaintiff. He had instituted a civil •suit against the tort feasor responsible for the damages, which suit was compromised, hut he claimed the property damages insured by Middlesex were not a part of the ■compromise settlement. The Court ren■dered judgment against Salario and rejected Salario’s demands in his third party suit against Middlesex for the reason Salario had executed a release to the tort feasor ■of all damages sustained by him resulting from the automobile accident involved in ■the suit. This decision affirmed the judgment of the Lower Court and held that the third party plaintiff Salario by his action had violated the conditions of the contract ■of insurance with his collision insurer which prevented his giving to said insurer, in the ■event of payment of the loss sustained by him in said collision, a subrogation against •the tort feasor.
In the instant case the plaintiff by his action, (1) in electing to institute suit personally against the tort feasor including therein damages to his automobile covered by the ■policy of his collision insurer, defendant Motors Insurance Corporation, as well as ■claims for personal injuries sustained by him; (2) his failure to make demand on his •collision insurer for the damages to his car; (3) his refusal to accept the proffered assistance made to him by defendant Motors Insurance Corporation, in the suit against the tort feasor responsibile for the damages, electing to proceed with an attorney of his own selection; (4) his waiting until more than one year had elapsed from the date of the accident to the filing of the present suit against defendant, permitting the tolling of prescription, in addition to the fact that he had himself collected the claim for physical damages to the ' automobile against the tort feasor, making impossible the payment by defendant-insurer of such claim with subrogation of plaintiff’s rights against the tort feasor, accordingly precluding his giving of a valid subrogation to defendant insurer in accordance with the policy of insurance, has no cause of action against his collision insurer, Motors Insurance Corporation.
For the foregoing reasons it is our opinion the judgment herein is erroneous and it is ordered, adjudged and decreed the judgment be reversed and judgment is rendered in favor of defendant rejecting plaintiff’s demands, and dismissing this suit at plaintiff’s costs.
Reversed and rendered.