DOMENGEAUX, Judge.
On January 19, 1973, pursuant to a resolution of its Board of Directors, and after petitioning the Commissioner of Financial Institutions of the State of Louisiana, the Delta Security Bank and Trust Company of Ferriday, Concordia Parish, Louisiana, was closed and placed in receivership by order of the Seventh Judicial District Court in and for Concordia Parish. The following day the Federal Deposit Insurance Corporation accepted appointment as receiver and liquidator of the bank and has continued in that capacity to date.
As receiver and liquidator the Federal Deposit Insurance Corporation (hereinafter referred to as plaintiff) proceeded with the task of liquidation and distribution of the bank’s assets.[1] On November 30, 1973, the District Court approved an ex parte motion by plaintiff to pay a dividend of seventy per cent of the claims of the depositors and unsecured creditors. Plaintiff did not advertise its intent to make this interim distribution, and there was no opportunity for opposition to this plan of disbursement. No interest was paid to the depositors and unsecured creditors for the period of approximately eleven months during which their claims had been unsatisfied. The actual distribution of the seventy per cent dividend was made on December 10, 1973. However, all deposits of the bank’s directors were frozen by plaintiff pending a separate suit against the former for alleged negligent management of the bank’s affairs. (This latter suit is not before us and we therefore do not concern ourselves with its status).
On March 19, 1975, plaintiff petitioned the court for permission to pay all depositors and other creditors interest at the rate of 7% per annum on the principal amount of their claims from the date of commencement of the receivership until the date of the initial 70% dividend. Plaintiff also requested that it be allowed to pay a second dividend consisting of the remaining 30% of the principal amount of the claims of depositors and creditors, including interest at the rate of 7% per annum from the date of commencement of the receivership to the date of actual payment of said final dividend.
The bank’s directors filed an opposition to plaintiff’s petition seeking to block payment of the 7% interest on either the first or second dividends. The directors further sought a release of their deposits and a termination of the receivership.
The Court ordered a distribution of the 30% dividend constituting a final satisfaction of the claims of the depositors and creditors and referred the matters of the interest payments, release of the directors’ deposits, and termination of the receivership to the trial on the merits. The second distribution was properly advertised and the judgment ordering it was homologated *166 without opposition as to the distribution itself. However, the claimants accepted payment with reservation of their rights to interest on this final 30%. The second dividend was paid on April 10, 1975.
After a trial the District Judge ordered plaintiff to pay interest at the rate of 7% per annum on the principal amount of the second 30% dividend for the period from January 18, 1973 to April 10, 1975. The trial judge ruled, however, that no interest was due on the initial 70% dividend since this payment was accepted without any reservation of rights to interest. The District Judge further ordered that the directors be paid 100% of their deposits, but inasmuch as he had denied the other depositors’ claims for interest on the initial 70% dividend, he allowed payment of interest upon only 30% of the deposits returned to the directors. Finally, he ruled that the receivership should be terminated as soon as the aforementioned orders could be executed.
From that portion of the judgment denying the depositors interest on the initial 70% dividend and from the order terminating the receivership, the plaintiff has appealed. Two of the opponents have answered the appeal requesting that the interest on the 70% dividend be paid only to them, as directors, and not to the remaining depositors and creditors.
There are essentially three questions which must be answered by this appeal:
First, did the depositors and creditors waive their rights to interest on the initial 70% dividend?
Second, are the directors, whose deposits were frozen throughout the period of the receivership, entitled to interest on the total amount of their deposits?
Third, should the receivership be terminated at this time?
The trial judge based his finding of waiver of rights to claim interest by the depositors and creditors on the first 70% distribution upon the three major cases of Liquidation of Canal Bank and Trust Company, 211 La. 803, 30 So.2d 841 (1947); Bank of Baton Rouge v. Hart Estate, 216 La. 603, 44 So.2d 311 (La. 1950); and In Re Interstate Trust and Banking Company, 222 La. 979, 64 So.2d 240 (La.1953). Each of these cases involved factual situations similar to the one presently before this court.In all three cases claims were being made for interest on those portions of the distribution which were approved and homolo-gated by the court. The Supreme Court stated in Canal Bank that:
. . judgments homologating accounts are final and have the authority of the thing adjudged.’ .... The judgments approving such accounts become ‘res judicata, and the issue so determined cannot be re-opened by way of opposition to a subsequent account rendered by the receiver.’ ”
 The jurisprudential rule is clear that once the depositors allow the distribution to be approved by the judgment homologating it they waive all rights to any claims to interest due on the funds distributed. However, in the instant case there was never an homologation of the initial 70% distribution. As above noted, this dividend was paid upon ex parte motion by the plaintiff. There was never any advertisement nor were any potential opponents ever afforded proper notice. Therefore, we cannot say that the court’s order granting plaintiff’s motion for payment of the first dividend enjoys the status of a final judgment. We thus hold that the depositors are not estopped by res judicata from contesting the failure to pay interest on the first dividend.
However, even finding the initial distribution open to attack, another hurdle presents itelf as a possible bar to the depositors’ claim for interest on the first dividend. The three above cited cases all *167 took cognizance of Civil Code Article 2925 which reads:
“Art. 2925. Payment of interest presumed in release of principal
The release of the principal, without any reserve as to interest, raises the presumption that it also has been paid, and operates a release of it.”
Thus it becomes apparent that the depositors and creditors may have waived their rights to claim interest since they accepted payment of the first dividend without any reservations thereto, for the above cited code articles creates a presumption that the interest due has been paid. The effect of a legal presumption is set forth in Civil Code Article 2287 as follows:
“Art. 2287. Effect of legal presumption
Legal presumption dispenses with all other proof, in favor of him for whom it exists.
No proof is admitted against the presumption of the law, when, on the strength of that presumption, it annuls certain acts, or refuses a judicial action, unless it has reserved the contrary proof, and saving what will be said on the judicial confession.” (Emphasis added.)
Civil Code Article 2291 dealing with the judicial confession states:
“Art. 2291. Judicial confession
The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law.” (Emphasis added.)
At the beginning of the trial the parties agreed upon several stipulations, the most pertinent to this issue being:
“Stipulation Number 6
Sartor: . . . and it is also stipulated that no interest has been paid by the receiver on any claim in this receivership.
Court: All right.”
This stipulation or agreement between the parties meets the requirements of a judicial confession. It was entered into and made by the parties to this litigation in the course of a judicial proceeding. Therefore, it is an admission by the opponents of the fact that no interest has actually been paid on the 70% dividend distributed on December 10, 1973. As such, this stipulation presents adequate proof to rebut the presumption created by Civil Code Article 2925.
We find the factual issues presented by this case distinguishable from those present in the jurisprudence relied upon by the trial judge in rendering his decision. In the instant litigation there was no homo-logation and acceptance of the original distribution. Also, in this case there has been a judicial admission of sufficient force to rebut the presumption that interest had in fact been paid on the 70% dividend. Therefore, since adequate funds exist for the payment to depositors and unsecured creditors of the interest due on the initial dividend, we find that said parties are entitled to receive said payment at the rate of 7% from the date of January 18, 1973, until December 10, 1973, on that portion of their claims represented by the first dividend. We agree with the trial judge’s conclusion that these same parties are entitled to the payment of 7% interest on the remaining 30% of their claims from January 18, 1973, until April 10, 1975.
Since the directors have yet to receive any portion of their claims for funds on deposit, we fail to see how they have *168 waived their rights to interest thereon. The record reveals no' justification for withholding interest on the total amount which the directors had on deposit, and we reverse the trial judge on this issue and order that the directors of the bank be paid interest at the rate of 7% per annum on 100% of their deposits from January 18, 1973, until such date that said funds on deposit are actually returned to the directors.
Plaintiff shall remain in its capacity as receiver and liquidator until such time as it has discharged its duties in accordance with the orders set forth herein. All reasonable delays shall be allowed for the maturation of those securities necessary to complete liquidation, the completion of clerical work, and the distribution of funds. Upon completion of this task the receivership shall be terminated and the remaining assets of Delta Security Bank and Trust Company shall be turned over to its stockholders as provided for in the judgment of the trial court.
The judgment of the District Court is reversed insofar as it denies payment of interest on the initial 70% dividend and on the total amount of the directors’ deposits, and it is accordingly ordered that all depositors and unsecured creditors be paid interest at the rate of 7% per annum on the funds represented by the dividend of December 10, 1973, and that the directors be paid interest of 7% per annum on their deposits held by the receiver from January 18, 1973, until such deposits are received by the directors The judgment of the District Court is amended so as to continue the receivership until the necessary duties of the receiver are completed in accordance with this judgm'ent. In all other respects the judgment of the District Court is affirmed.
Costs of this appeal are assessed against the opponents.

Affirmed in part, amended in part, reversed in part, and rendered.

. In due course the FDIC, as insurer, paid depositors (other than those who were also directors of the Bank) the amounts of their deposits up to the limits of coverage and became subrogated to the rights of those depositors.