LeSUEUR, Judge.
The Hanover Insurance Company insures the Cruz residence at 3403 Connecticut Avenue, Kenner, La., against losses caused by windstorm. Mr. Cruz filed this action on the policy after Hurricane Betsy struck the area in September of 1965. He alleged total loss in the winds of the storm and sought recovery in the sum of $10,-000.00, the maximum provided for in the insurance contract. He also sought penalties and attorney fees pursuant to LSA-R. S. 22:658.
The suit was met with an exception which led to the joinder, as a nominal defendant but beneficial plaintiff, of the relevant mortgage holder, the Brevoort Savings Bank of Brooklyn. At that point, the defendant answered.
Hanover did not deny that there was wind damage. Rather, it admitted covered loss in the sum of $3,206.20 and deposited this sum in the registry of the court. The bulk of the claim, however, was denied. The case was tried with only the overplus at issue.
It seems clear that the house has been damaged beyond feasible repair. The slab has sunk to the north side of the house to such an extent that the entire structure is some nine inches out of level. The causes of this damage, on the other hand, are by no means clear.
The trial judge, after a hearing on the merits, concluded that the storm did not cause the sinking and rejected all claims beyond those incorporated into the original admission of responsibility and deposit. The plaintiff has appealed.
At the outset, the plaintiff suggests that the trial court erred in requiring that he bear the burden of proving causality. This seems true. Eyewitnesses are seldom on hand at the height of a storm and although the cases skew a bit it is a fair synthesis that proof of coverage, together with a showing that wind damage was suffered during the course of a storm, creates a rebuttable presumption of causality. See Prejean v. Trinity Universal Insurance Company, La.App., 210 So.2d 395 (3rd Cir.1968). See also, Bogalusa Gin & Warehouse v. Western Assur. Co., 199 La. 715, 6 So.2d 740 (1942), and Roach-Strayhan-Holland Post v. Continental Ins. Co., 237 La. 973, 112 So.2d 680 (1959).
Mr. Cruz made such a showing. He first presented several lay witnesses and an appraiser. The thrust of their cumulative testimony was that the slab was level before the storm and out of level afterward. He also presented an architect who causally related the sinkage to the force of the wind. The plaintiffs evidence, in short, required the raising of the presumption.
The presumption, however, is re-buttable and is by no means equivalent to judgment. As a matter of fact, the trial judge, who concluded that soil subsidence caused the sinking, specifically found the evidence opposed to wind causality “overwhelming”.
Though that evaluation of the testimony and exhibits may not be our own, we are reluctant to interfere. The defendant also presented a case, a case which includes the testimony of equally qualified experts. The evidence is in wide conflict and largely beyond reconciliation. In short, the circumstances require that we either impose the manifest error rule or relegate it to service as a formula to be followed only *470 when the trial court has served our notions of the equities of the matter. We cannot, therefore, set aside the rejection'of causality made at the trial level.
This finding is conclusive not only of liability but also of the claim for penalties and attorney fees. The record clearly reflects that Hanover made a no-strings offer of the entire amount due. Under these circumstances, penalties are not appropriate.
One question remains. Brevoort, which did not appeal (although it did make answer to plaintiff’s appeal) has requested a review of the assessment of costs made at trial against itself and in favor of defendant. An answer to an appeal, under the circumstances at bar, is not sufficient to present that question to the court. LSA-C.C.P. Art. 2133, as amended.
For these reasons, the judgment appealed from is affirmed.
Affirmed.