pBYRNES, Chief Judge.
The relator, Progressive Security Insurance Company, invokes the supervisory jurisdiction of this Court, seeking to reverse the trial court’s denial of its motion for summary judgment on the question of insurance coverage.
The plaintiff-respondent, Cheryl A. Williams, sued relator among others for damages allegedly sustained in an automobile accident as a passenger in a 1996 Toyota Camry driven by Marvin Burton on June 17, 1997. At that time relator had in effect a commercial automobile liability insurance policy. The “named insured” under that policy was “Marvin Burton Burton Prof Janitora[1].”
Plaintiffs opposition[2] to relator’s writ application is correct where it quotes the policy language as follows:
We will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an insured is legally liable because of an accident.
Plaintiffs opposition is again correct when it states that:
“We,” “insured” and “accident” are bolded and therefore subject to special definitions found under the definitions section of the policy.
But plaintiff also contends that:
An ‘accident’ has occurred with Marvin Burton as an alleged tortfeasor while ignoring the policy definition of “accident.”
Plaintiff fails to note that the policy defines “accident”:
12“Accident” means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event that causes bodily injury or property damage and arises out of the ownership, maintenance or use of your insured auto. [Emphasis added.]
Because the definition of accident incorporates the definition of “your insured auto” by reference, plaintiffs opposition argument goes further off course with the erroneous statement that:
“However, there are no references to “your insured auto” in the liability section of the policy...”
As already explained, the reference to “your insured auto” is found in the clear and unambiguous definition of accident.
The policy at issue in this case states that Progressive will pay damages “for which [Marvin Burton] is legally liable because of an accident.” Therefore, liability coverage under the policy is limited by the definition of “accident,” which is stated to include only events involving Mr. Burton’s *496 “insured auto.” According to the definitions on pages 5 to 7 of the policy, “insured auto” may include not only “[a]ny auto described in the Declarations,” but also a “replacement auto,” an “additional auto of which you acquire ownership during the Policy period,” or a “non-owned auto” temporarily used as a substitute for another covered auto.
Respondents have offered no evidence that the 1996 Toyota Camry driven by Marvin Burton at the time of the accident was an “insured auto.” Autos listed in the policy are insured autos. Only two vehicles are listed in the policy — a 1983 Chevrolet van and a 1984 Econoline van.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. LSA-C.C.P. art. 966 A(2). The movant (relator) will not have the burden of proof at trial. “When ^determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy’s terms ... [while] the insurer bears the burden of proving the applicability of an exclusionary clause within the policy.” Doerr v. Mobil Oil Corp., 00-0947, p. 5 (La.12/19/00), 774 So.2d 119, 124 (citations omitted), modified on other grounds on reh’g 00-0947 (La.3/16/01), 782 So.2d 573.
Relator has shown that the auto involved in the accident was not listed in its policy. Relator has shown enough to shift the burden to the respondents under LSA-C.C.P. art. 966 C(2). The burden shifted to the plaintiff to show that the auto in question is an insured auto in spite of the fact that it is not one of the insured autos listed in the policy. Thus, in order to defeat Progressive’s motion for summary judgment, the proponent of coverage (respondent) was required to produce factual support suggesting that the vehicle Mr. Burton was driving at the time of the accident, although not listed in the declarations, would otherwise qualify as an “insured auto” as defined in the policy. LSA-C.C.P. art. 966 C(2). Plaintiff does not contend that such evidence exists. Plaintiff does not contend that such evidence might be discoverable given time. Plaintiff did not ask for a continuance from the trial court pursuant to LSA-C.C.P. art. 967 for the purpose of developing such evidence. Because no such evidence was presented in opposition to the motion, Progressive has established that it is entitled to a judgment of dismissal as a matter of law.
Accordingly, it was error for the trial court to deny relator’s motion for summary judgment. Therefore, the judgment of the trial court is reversed and judgment is hereby rendered in favor of relator, Progressive Security Insurance Company, dismissing plaintiff’s claims against relator.

WRIT GRANTED; JUDGMENT REVERSED.

BAGNERIS, J., dissents.
TOBIAS, J., dissents.

. Burton Professional Janitorial

. Allstate Insurance Company also filed an opposition making essentially the same arguments as those made by plaintiff in her opposition. Therefore, the discussion herein of plaintiffs opposition is deemed equally applicable to Allstate's opposition.