CHARLES R. JONES, Chief Judge.
|/The Appellants, William W. Rosen and his wife Eddy K. Rosen, seek review of the judgment of the district court granting the motion for summary judgment of United Services Automobile Association, thereby dismissing their claim for contents coverage under their homeowners insurance policy coverage. Finding that the district court erred in granting the motion for summary judgment, we reverse the judgment of the district court and remand this matter to the district court for further proceedings.
William W. Rosen and his wife Eddy K. Rosen (“the Rosens”) owned a home in Orleans Parish located near the 17th Street Canal that was flooded and damaged in Hurricane Katrina. The Rosens carried both flood and homeowners insurance on their Orleans Parish home in separate policies with United Services Automobile Association (“USAA”). At issue in the instant matter is the Rosens’ coverage for contents under their homeowners policy.
The Rosens reported their Katrina-related claim to USAA in September 2005, and later submitted a Non-Flood Contents List to USAA detailing their damaged items that were above the flood-line in their home.
|2In October 2005, a USAA adjuster, A1 Goltzman, inspected the home of the Ro-sens and allegedly noted roof damage to the property. Mr. Goltzman submitted a replacement cost value of $25,477.84 for said structural damage. Additionally, another USAA adjuster who inspected the home of the Rosens, Doug Lee, confirmed the roof damage documented by Mr. Goltz-man, and noted damages to the following rooms above the flood-line in the home of the Rosens: dining room, kitchen, pantry and garage. Mr. Lee increased their structural damage loss by wind-driven water to $37,706.20, which amount also included the following: the full replacement of the roof and ceilings, and sheetrock replacement for the wall ceilings damaged above the flood-line.
The Rosens were paid $10,842.10 by USAA for wind damage to their contents in the dining room, kitchen, pantry, and *636 garage.[1] In December 2005, USAA was to retain an engineer to investigate the wind damage claims of the Rosens; however, an engineer was never retained by USAA to make this determination.
In 2006, the Rosens filed suit against USAA seeking damages under their homeowners policy for contents coverage and statutory penalties for bad faith in settling their claims. The Rosens alleged that they sustained $217,800 in contents damage above the flood-line in their home for which USAA never compensated them under their homeowners insurance policy. The Rosens further alleged that their home and its contents sustained damages from wind-driven rain entering the home from a hole in the roof, forcing water under roof shingles, and later sustained | odamages from flooding. They further alleged that there were water damages to their roof, ceilings, and sheetrock above a four to five foot flood-line in their home.
USAA filed an answer and later filed two motions for summary judgment, one concerning the issue of contents coverage under the homeowners policy, and another addressing the Rosens’ claim for bad faith against USAA. The district court granted the motion for summary judgment of USAA on the issue of bad faith, but denied the motion for summary judgment on the issue of contents because the district court determined that genuine issues of material fact existed which precluded summary judgment at that time. We note, however, that when the district court denied the motion for summary judgment, the court cautioned the Rosens to examine what they had to prove to meet their burden of proof as to causation.
USAA subsequently filed another motion for summary judgment on the issue of contents coverage. The district court granted the motion holding that the Ro-sens did not carry their burden of proving that a covered cause of loss under the USAA policy caused damages to their contents.
The Rosens raise one assignment of error on appeal: whether the district court erred in granting summary judgment when there was a genuine issue of material fact as to whether the damages at issue were caused by wind and rain before flooding occurred.
On appeal, motions for summary judgment are reviewed de novo, “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” In re Kluksdahl, 10-1304, pp. 2-3 (La.App. 4 Cir. 3/2/11), 62 So.3d 189, 191 (citing Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638).
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966 A(2). Summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Furthermore, when a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. *637 967. Pursuant to La. C.C.P. art. 966(C)(2), the mover carries the burden of proof on a motion for summary judgment. Article 966(C)(2) further states in pertinent part:
however, if the movant will not bear the burden of proof at trial ... the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
‘When determining whether a policy affords coverage for an incident, an insured carries the burden of proving that the incident falls within the policy’s terms whereas the insurer bears the burden of proving the applicability of an exclusionary clause within the policy.” Williams v. Progressive Sec. Ins. Co., 01-0346, pp. 2-3 (La.App. 4 Cir. 4/25/01), 787 So.2d 494, 496 [citations omitted]. Furthermore, in an action by the insured on an insurance contract, the burden of | ¡¡proof is on the plaintiff to establish every fact essential to his cause of action. Collins v. New Orleans Pub. Serv., Inc., 234 So.2d 270, 272 (La.App. 4 Cir.1970), writ refused, 256 La. 375, 236 So.2d 503 (1970).
The Rosens argüe that they submitted sufficient evidence to prove damages to their home and personal property from wind-driven rainwater. They further argue that they have offered testimony that all of their claims for contents were located above the flood-line in their home, and were damaged by rainwater. The Rosens further argue that the burden was on USAA to either establish that flooding caused the damages to their contents above the flood line, or that the damages were not covered due to another policy exclusion. The Rosens argue that pursuant to La. R.S. 22:1893, an insurer cannot use a floodwater mark when determining whether a loss is covered under a homeowners policy.[2] The statute goes on to state that if damage to immovable property is covered in whole or in part under the policy, the burden is on the insurer to establish an exclusion under the policy.
Furthermore, in connection with their roof damage, the Rosens argue that rainwater entered their home through their wind-battered roof damaging their contents above the flood-line in their home. The Rosens argue that Mr. Rosen saw 16these damages first-hand upon his return to their home in late September 2005. It is undisputed that the Rosens did not witness their contents being damaged during Hurricane Katrina. The Rosens’ Non-Flood contents list was made a part of the claim file for the Rosens with USAA, which eventually paid the Rosens $10,842.10 for wind-driven water damages that were located above the flood-line in their home.
The Rosens argue that USAA admitted that there was roof damage to their home that was caused by the winds of Hurricane Katrina, and further argue that USAA paid for the replacement of their entire *638 roof because it was damaged by a covered cause of loss under their policy: a windstorm. The Rosens argue that they proved to the district court that their contents were damaged by water above the flood-line when they presented the testimony of the following witnesses in opposition to the motion for summary judgment:
Yankel Ginsberg is an artist who testified that he was hired by the Rosens to repair a sculpture they owned and that he had originally created. He testified that the sculpture was damaged by exposure to water, humidity and careless handling.
April Hann is the vice-president of the Chicago Conservation Center who testified she inspected art for the Rosens, including art that was hanging on walls above the flood-line that was damaged by water.
Scott Wolfe is an independent adjuster retained by the Rosens to assess the Rosens’ property damages, and to prepare a report on the likelihood that the winds of Hurricane Katrina could have caused enough roof damage to allow water to permeate the interior of the home of the Rosens such that all of the contents were damaged. Mr. Wolfe reported and testified that it was highly probable that roof damage at the property could have caused water to permeate the home and damage all of the contents.
|7The Rosens argue that their contents were damaged by wind-driven rain coming through their roof, and further contend that these damages were covered under their USAA policy which covers a “direct physical loss to the personal property caused by windstorm if the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain enters through the building.” The Rosens argue that it is irrefutable that their home sustained roof damage, and that rainwater entered their home causing damages to their contents in a manner that is distinct from the flooding damages their home also sustained.
The Rosens argue that several genuine issues of material fact exist that should have prevented the district court from granting summary judgment:
1. that there was wind damage to their home;
2. the wind damage to the premises is a covered cause of loss under their USAA homeowners policy;
3. that there was damage to personal property above the flood line caused by the wind/wind-driven rain damage to the premises;
4. they have contents coverage for damages arising from a covered cause of loss under the USAA policy at issue; and
5. USAA’s desire to and failure to hire an engineer demonstrates its uncertainty as to the cause of the damages to the personal property contents above the flood-line.
USAA argues that the Rosens had to demonstrate that all of their contents for which they seek coverage were damaged by a covered peril under the policy at issue. It argues that for the Rosens to defeat the instant motion for summary judgment, they had to prove that the damages their contents sustained resulted from rainwater entering through their roof during Hurricane Katrina, not from the flood waters that also destroyed their home.
IsUSAA argues that the district court did not err in holding that the Rosens did not produce evidence sufficient to carry their burden of proof on the issue of whether their contents were damaged by a windstorm because the Rosens failed to establish that their damages were not *639 caused by a flood instead. USAA further argues that the inability of the Rosens to prove that the cause of the damage to their contents was wind-driven rainwater, and not floodwaters, is fatal to their claim. USAA additionally points out that each of the witnesses for the Rosens testified that they did not know the cause of the loss of contents of the Rosens; thus, USAA concludes that the Rosens cannot establish a link between their damages and a covered peril under the USAA policy.
To collect under an insurance policy for a loss, the insured must prove the extent of his loss and the cause of loss by a preponderance of the evidence. Thomas v. Pennsylvania Fire Ins. Co., 163 So.2d 202, 204 (La.App. 4 Cir.1964); LaHaye v. Allstate Ins. Co., 570 So.2d 460, 466 (La.App. 3 Cir.1990). “A preponderance of the evidence burden requires a plaintiff to show the fact sought to be proved is more probable than not.” Stuart v. New City Diner, 99-2270, p. 3 (La.App. 4 Cir. 3/15/00), 758 So.2d 345, 347-48. Circumstantial evidence may be sufficient to prove a loss and cause of loss. Thomas, 163 So.2d at 204.
Our Court has further reasoned that “[e]yewitnesses are seldom on hand at the height of a storm and although the cases skew a bit it is a fair synthesis that proof of coverage, together with a Showing [sic] that wind damage was suffered during the course of a storm, creates a rebuttable presumption of causality.” Cruz v. Hanover Ins. Co., 239 So.2d 468, 469 (La.App. 4 Cir.1970). Our Court explained that in order for an insured to establish that wind caused damage to the |9home of the insured, the insured must prove that they had wind coverage and that the insured’s home sustained wind damage.
Furthermore, the Third Circuit in Landry v. Louisiana Citizens Prop. Ins. Co., 07-247, p. 17 (La.App. 3 Cir. 8/28/07), 964 So.2d 463, 477, explained:
... flood water exclusions in windstorm policies do not contractually operate to negate an insurer’s obligation to fully indemnify an insured when a determination is made that the “efficient or proximate cause” of the total loss was wind and rain. If the wind directly damaged the property or the rain entered it causing damage, the fact that flood waters contributed to the damage or washes the property away does not compel a finding that flood damage was the efficient or proximate cause of the total loss. Each case must turn on its own facts which are left for the trier, judge or jury, to resolve. This has been the jurisprudence of the courts in this State, including the Louisiana Supreme Court, for well over sixty years.
Our Court further discussed the burden of proof an insured carries when pursuing coverage for damages sustained by water under an insurance policy that excludes coverage for water damages in Best v. State Farm Fire & Cas. Co., 07-0573 (La.App. 4 Cir. 10/10/07), 969 So.2d 671. In Best, the appellant, State Farm Fire & Casualty Company, argued on appeal that the district court erred by awarding the appellees the policy limits under the Renter’s Policy, because the appellees failed to meet their burden of proving that damage to their personal property was caused by a peril covered by the Renter’s Policy. Our Court explained the burden of proof that an insured must carry when an issue arises as to the cause of an insured’s damages under a policy that contains exclusions for damages caused by water:
In Couch on Insurance 3d, § 153:17, the burden of proof for claims under insurance policies, such as the Renter’s Policy, that involve exclusions for losses *640 caused by | inwater, whether or not driven by wind, was discussed as follows:
Policies typically contain a provision excluding loss caused by water whether driven by wind or not, unless the insured property first sustains actual damage by direct force of wind, and water enters the property through openings made by direct action of the wind. This exclusion is considered clear and unambiguous and will be enforced according to its terms. Thus, both wind-created openings and the passage of rain through those openings into the damaged property are conditions precedent to recovery.
In order to satisfy the aforementioned conditions, the insured need not establish that the wind actually created a hole in the structure, but instead must only demonstrate that the direct force of the wind created an opening in the building through which water entered. Thus, in accord with general rules of proximate cause, water entering a structure through a breach caused by the impact of a wind-blown object qualifies as damage by wind, bringing the loss under the policy coverage.
Id, p. 5, 969 So.2d at 675. [Emphasis added].
In the instant motion for summary judgment, USAA, as the mover, had to establish that there was a lack of evi-dentiary support for the Rosens to establish that a covered cause of loss under their USAA policy caused the Rosens to sustain contents damage. Thereafter, the Rosens had to demonstrate by a preponderance of the evidence that they had wind coverage under the policy at issue, and that the direct force of the wind during Hurricane Katrina created an opening in their home through which water entered pursuant to Best and Cnu.
It is undisputed that the Rosens had coverage for wind damage to their home under their USAA homeowners policy. Furthermore, regarding proof of wind damage to the home of the Rosens, it is clear that wind created an opening in the home of the Rosens as evidenced by the notes of USAA adjusters Mr. |nGoltzman and Betty Smith, and the testimony of Mr. Wolfe and Mr. Rosen. As previously noted, Mr. Goltzman was the first USAA adjuster to inspect the Rosens’ home after Hurricane Katrina, and he observed roof damage to the property in his report of December 2005 wherein he stated:
[t]here were several areas where the fascia was pulled loose. There were bails pulled up by the flashing. There were several missing tables where the wind had ripped the shingles off.
Furthermore, Ms. Smith, who is also a USAA adjuster, had an activity log which shows that on January 30, 2006, she was advised by a USAA adjuster that there was wind damage to the roof of the Ro-sens’ home above four rooms: the dining room, kitchen, pantry, and garage. Ms. Smith further noted that contents above the water-line would be paid for in the above-referenced rooms. Ms. Smith also referred to the roof damage as a “roof leak” in her activity log. Indeed, counsel for USAA admitted at one summary judgment hearing that there was a hole in the roof above the kitchen in the Rosens’ home.
Likewise, Mr. Wolfe testified that he performed anywhere from 900 to a 1000 estimates for homes damaged by Hurricane Katrina. He testified that he does not know whether there were any leaks in the roof of the Rosens’ home during Hurricane Katrina, but he further testified that there appeared to be holes in the roof that were there during or after Katrina. He further testified that from his examination *641 of the USAA report on the subject home, there was roof damage to the home of the Rosens in the form of missing shingles, torn-out shingles, and shingles that were lifted from the roof. Mr. Wolfe also testified that it was highly probable that water could have entered through the roof showing that there was an | ^obvious lift in the roof that could have caused water to permeate the home and damage the contents of the Rosens’ home.
Additionally, Mr. Rosen testified that he came back to his house a month after Katrina and would work on salvaging the contents of his home with the aid of his daughter. Mr. Rosen testified that he and his daughter met with USAA adjuster Mr. Goltzman at the subject home. Mr. Goltz-man entered the home of the Rosens on the very same day that the Rosens first opened their home to assess their damage. Mr. Goltzman went on the roof as a part of his overall inspection of the home. Mr. Rosen further testified that the report of Mr. Goltzman indicates that there was roof or water damage, and the USAA adjuster diagram showed roof damage. Mr. Rosen testified that he initially assumed that water damage to his home came from flood. When questioned as to when rainwater got into his home, Mr. Rosen testified that “you [USAA] have to ask your two adjusters who came to that conclusion.” He further testified that the report of Mr. Goltzman shows roof damage and openings in the home, and that Mr. Goltzman personally informed him that rainwater entered the home. Mr. Rosen specifically testified that Mr. Goltzman informed him that there was a hole in the roof.
Under Best, the Rosens have to demonstrate that a windstorm damaged the home creating a hole(s) in their roof that caused damage to the contents of their home. However, USAA is arguing that there is an absence of factual support for the Ro-sens to establish coverage for all of their contents under the homeowners policy. We find that the Rosens can carry their burden of proof that they had coverage for a windstorm, and that their roof was compromised and rainwater could have entered the home. As previously noted, the record reveals that there was roof damage above the dining room, kitchen, pantry, and garage, which are the |issame rooms that the Rosens argue their contents were damaged by rainwater. USAA paid the Rosens for roof damage which evidences USAA’s acknowledgement that the roof at issue was damaged by wind.
While a homeowner must carry his or her burden of proof on a claim for homeowners coverage by a preponderance of the evidence, neither this Court nor the Louisiana Supreme Court has required that a homeowner must retain an expert in order to establish that a covered cause of loss damaged their property where there is sufficient circumstantial evidence to demonstrate the same. Thus, we find that, based on the record, a genuine issue of material fact exists as to whether the Rosens can establish that the contents of their home was damaged by rainwater from a windstorm based on circumstantial evidence.
Furthermore, even if the district court determined that the Rosens cannot yet establish how wind-driven rainwater entering through their roof damaged all of the contents for which they seek coverage, summary judgment still is not appropriate where the record shows that a genuine issue of material facts exists as to whether some of their contents were damaged by a windstorm. Thus, we find that the district court erred in granting the motion for summary judgment of USAA.

DECREE

For the foregoing reasons, we reverse the judgment of the district court granting *642 the motion for summary judgment of United Services Automobile Association, and remand this matter to the district court for further proceedings.
REVERSED AND REMANDED

. The Rosens argue that a terra cotta statue was also damaged by the roof leak, and that USAA has acknowledged said damage.

. La. R.S. 22:1893 states in pertinent part:
A. (1) No insurer shall use the floodwater mark on a covered structure without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy.
B. If damage to immovable property is covered, in whole or in part, under the terms of the policy of insurance, the burden is on the insurer to establish an exclusion under the terms of the policy.